UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CRAWFORD, CHARLES ANNABEL
DARRYL BALLARD, MATTHEW BURDO,
DON HOSKINS, ROY LANNING, PETER
"LARRY" POWELL, WANDA SIMPSON,
and DANIEL SLANE,

       Plaintiffs,

v.                                              Case No. 06-14276
                                              Honorable Patrick J. Duggan

TRW AUTOMOTIVE U.S. LLC,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 21, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiffs filed this putative class action lawsuit alleging that their employer, Defendant TRW Automotive U.S. LLC ("TRW"), closed the manufacturing and assembly plant where they worked for the purpose of preventing employees from obtaining pension and health care benefits in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Presently before the Court is Plaintiffs' motion for class certification, filed December 18, 2006. The Court held a hearing on

1

Plaintiffs' motion on March 14, 2007. For the reasons that follow, Plaintiffs' motion is granted.

## Factual Background

TRW, an indirect subsidiary of TRW Automotive Holdings Corporation ("TRW Holdings"), operated a manufacturing and assembly plant on Van Dyke Road in Sterling Heights, Michigan ("Van Dyke Plant"). The named Plaintiffs in this action were employees of the Van Dyke Plant. Employees at the Van Dyke Plant were represented by the United Automobile Workers of America ("UAW").

TRW and the UAW are parties to a collective bargaining agreement ("CBA") that covered the terms and conditions of employment of bargaining unit employees at the Van Dyke Plant. TRW and the UAW also negotiated a defined pension plan for the benefit of Van Dyke Plant employees. Pursuant to the pension plan, employees who retire from active service with 30 or more years of "benefit service" are entitled to an early retirement benefit, as defined by the plan. Benefit service generally is earned for each year in which the employee works 1680 hours; however if an employee is laid off during a given calendar year, the employee must work 170 hours to acquire pension credits for the year. Employees who retire from active service on or after age 55, with 10 or more years of benefit service, are entitled to an early retirement benefit.

In August 2005, TRW announced that it would close the Van Dyke Plan by July 2006, and transfer all assembly work to a plant in Canada. In August 2006, the Kelsey-Hayes Company ("Kelsey Hayes"), another indirect subsidiary of TRW Holdings, opened

an assembly plant on Mancini Drive in Sterling Heights, Michigan ("Mancini Drive Plant"). Plaintiffs allege that employees at the Mancini Drive Plant assemble the same parts previously manufactured and assembled at the Van Dyke Plant and that many of the management personnel from the Van Dyke Plant transferred to the Mancini Drive Plant shortly before the Van Dyke Plant ended its operations. Plaintiffs further allege that TRW has refused to transfer union employees of the Van Dyke Plant to the Mancini Plant.[1]

When the Van Dyke Plant ceased operations, the named Plaintiffs were the following age, had the following years of seniority and benefit service, and needed the following number of additional hours of work to meet the 30 year benefit service requirement to obtain full pension and health insurance benefits:

| Name | DOB (Age) | Years Seniority | Years Benefit Service | Hours to Satisfy Benefit Service Requirement |
|---|---|---|---|---|
| Jerry Crawford | 6/11/56 (50) | >30 | 29.67 | 40 hrs. |
| Charles Annabel | 9/17/48 (58) | >30 | 28.34 | ~170 hrs. per yr. over 2 yrs. |
| Darryl Ballard | 8/22/56 (50) | >30 | 27.75 | 170 hrs. per yr. over 2 yrs. |
| Matthew Burdo | 10/7/55 (51) | >30 | 27.5 | 170 hrs. per yr. over 5 ½ yrs. |
| Don Hoskins | 5/14/54 (52) | >30 | 29.42 | less than 85 hrs. |
| Roy Lanning | 3/5/48 (58) | >30 | 26.25 | ~170 hrs. per yr. over 4 yrs. |

---

[1] Plaintiffs also allege that during periods of temporary layoffs of some Van Dyke Plant employees in 2005 and 2006, TRW provided excessive amounts of overtime to other employees and contracted out several functions in order to prevent the laid-off employees from working the 170 hours per year necessary to receive full pension credit under the pension plan. *See* Am. Compl. ¶¶ 46, 47, 62 & 64. Plaintiffs do not seek class certification with respect to this "claim." *See* Pls.' Br. in Supp. Mot. at 2.

3

| Peter "Larry" Powell | 3/12/56 (50) | >30 | 29.5 | 85 hrs. |
| Wanda Simpson | 12/30/52 (54) | >30 | 28.25 | 170 hrs. per yr. over two yrs. |
| Daniel Slane | 5/7/52 (54) | >30 | 25.58 | 170 hrs. per yr. over ~ 5 yrs. |

*See* Am. Compl. ¶¶ 5-31.

## The Proposed Class

At this juncture, Plaintiffs define the class they seek to certify as follows:

> [E]mployees who did not accrue 360 pension credits at the time the Sterling plant [Van Dyke Plant] ceased active production, and, on or before that date, were on the layoff or active rolls of the Sterling plant and were not permitted to transfer to the Mancini plant or retired prematurely because they were informed that they would not be permitted to transfer to the Mancini plant.

*See* Pls.' Reply Br. at 3.[2]  Plaintiffs propose the creation of a subclass composed of any class member who retired but who "would not have retired had he or she been informed that he or she would be permitted to transfer to the Mancini [P]lant."  *See id.*

## Applicable Law and Analysis

---

[2] In their amended complaint, Plaintiffs define the proposed class as follows: "[A]ll long term former TRW automotive employees of the Sterling Height plant who were terminated for the purposes of depriving them of continued eligibility for their pension and for a 30 year service pension . . ."  *See* Pls.' Am. Compl. ¶ 67.  Then, in their motion, Plaintiffs define the class as "employees who were on the hourly layoff or active rolls at the Sterling Plant at the time it ceased active production, did not have at least 30 years of pension service credits and were not permitted to transfer to the Mancini Plant."  *See* Pls.' Br. in Supp. Mot. at 2.  Plaintiffs re-defined the proposed class in their reply brief in answer to TRW's argument in its response brief that, pursuant to the terms of the CBA, retired employees were not eligible to transfer to the Mancini Plant and that two of the named Plaintiffs are retired.  *See* Pls.' Reply Br. at 1.

4

Rule 23 of the Federal Rules of Civil Procedure sets forth two sets of prerequisites for class certification. The party seeking class certification bears the burden of proving that the requirements of Rule 23 are satisfied. *In re Am. Med. Sys., Inc.*, 79 F.3d 1169, 1179 (6th Cir. 1986)(citations omitted).

## Rule 23(a)

Pursuant to the first set of prerequisites, set forth in Rule 23(a), a class action may be maintained "only if" the following four requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In order to demonstrate satisfaction of Rule 23(a)'s requirements, "'[m]ere repetition of the language of [the rule] is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled.'" *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079 (quoting *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974)).

## Numerosity

To meet the numerosity requirement, the class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "However, 'the mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet [the numerosity requirement].'" *Marquis v. Tecumseh Prod. Co.*, 206

F.R.D. 132, 156 (E.D. Mich. 2002)(quoting *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir. 1983)).  Instead, "the numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S. Ct. 1698, 1706 (1980).  Courts have considered such factors as the size of the class, dispersion of class members across a wide geographic area, the ease of identifying class members, and the ability of class members to pursue relief on an individual basis.  *Marquis*, 206 F.R.D. at 156 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-32 (1st Cir. 1985)); *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160- 167 (E.D. Mich. 2006).

      Plaintiffs identify a potential class of 78 to 102 individuals.[3]  *See* Pls.' Br. in Supp. of Mot. at 4; Pls.' Reply Br. at 2.  These individuals are identified in Exhibit 3 to TRW's response.  *See* Def.'s Resp., Ex. 3.  Although not an absolute rule, it generally is accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement.  *See, e.g., Appoloni v. United States*, 218 F.R.D. 556, 561 (W.D. Mich. 2003)(citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)(noting that "'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying

---

[3]There appear to be 87 active employees who have less than 360 pension credits. *See* Pls.' Reply at 2 n.1.  Of those 87 individuals, only 16 have over 30 years of service. The 102 potential class members include the 87 active employees and 15 individuals who retired (11 of the retired individuals had 30 years of service but not 360 service benefits; the other 4 did not have 30 years of service or 360 service benefits but took early retirement at age 55 with 10 years of service).  *See id.*

6

according to other factors'"); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 7A FEDERAL PRACTICE AND PROCEDURE § 1762 (3d ed. 2005)(cases cited therein). The Court therefore concludes that Rule 23(a)'s numerosity requirement is satisfied.

### Commonality and Typicality

The commonality requirement "simply requires *a* common question of law or fact." *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 884 (6th Cir. 1997)(citing *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)). As the Sixth Circuit has further explained: "'The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998)(quoting *Forbush*, 994 F.2d at 1106).

Typicality requires the representative to be a member of the class and share at least a common element of fact or law with the class. *Senter v. Gen. Motor Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). Like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical.[4]

---

[4] The Sixth Circuit has recognized that the commonality and typicality requirements "tend to merge," and that "[b]oth serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998)(quoting *Gen. Tel. Co. of the S.W. v. Falcon*,

*Bittinger*, 123 F.3d at 884 (citing *Forbush*, 994 F.2d at 1106). The Sixth Circuit has explained the typicality requirement as follows:

> "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)(quoting 1 HERBERT B. NEWBERG and ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 3-13, at 3-76). A representative's claim is typical despite the fact that the evidence relevant to his or her claim varies from other class members, some class members would be subject to different defenses, and the members may have suffered varying levels of injury. *See Bittinger*, 123 F.3d at 884-85.

Plaintiffs have satisfied the commonality and typicality requirements. The Court believes that there are at least two issues common to all class members: (1) whether TRW closed the Van Dyke Plant and refused to transfer employees to the Mancini Plant in order to interfere with the employees' ERISA benefits; and (2) whether such conduct constitutes a violation of Section 510 of ERISA. For all class members, the same facts are relevant to the determination of these two issues. Members of the putative class who

---

457 U.S. 147, 157 n.13, 102 S. Ct. 2364, 2370 n.13 (1982)).

retired in response to the Van Dyke Plant closing may also have to show that, but for TRW's refusal to transfer employees to the Mancini Plant, they would not have opted to retire. While this distinction may require the creation of a subclass, the Court concludes that it is not a basis for finding the typicality and commonality requirements unsatisfied.[5]

The differences in putative class members' accumulated benefit service hours also does not change this Court's conclusion with respect to the typicality and commonality requirements. It is not necessarily relevant– particularly as to TRW's liability– that some class members need to accumulate less than 85 hours of service to satisfy the 360 hour benefit service requirement, while others need several additional years of service to satisfy the requirement. While class members may be entitled to different levels and/or types of damages as a result of this distinction, it is not determinative of whether Plaintiffs satisfy Rule 23(a)'s commonality and typicality requirements. *See Olden v. LaFarge Corp.*, 383 F.3d 495, 509-10 (6th Cir. 2004)(finding class certification appropriate despite differences in damages suffered by class members, as class could be certified for liability only).

### Adequacy of Representation

In *Senter*, the Sixth Circuit identified two criteria for determining whether the representative parties will fairly and adequately protect the interest of the class: "1) [t]he representative must have common interests with unnamed members of the class, and 2) it

---

[5] Two of the named Plaintiffs, Charles Annabel and Roy Lanning, fall within this potential subclass of retirees.

9

must appear that the representatives will vigorously prosecute interests of the class through qualified counsel." *Senter*, 532 F.2d at 525 (citation omitted). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med. Sys.*, 75 F.3d at 1083. As discussed previously, the Court finds the claims of the named Plaintiffs and the class typical. Plaintiffs also have demonstrated that they are willing and that their counsel is qualified to vigorously prosecute the interests of the class. *See* Pls.' Mot., Ex. 2.

Citing several district court opinions from outside the Sixth Circuit, TRW argues that Plaintiffs have not satisfied the adequacy of representation requirement because they "have not made any showing whatsoever that they are able to provide adequate financial resources on behalf of the class."[6] *See* Def.'s Resp. Br. at 13. At least one district court has recognized, however, that the courts are split on the propriety of considering the named plaintiff's financial resources in ascertaining his or her adequacy to represent the class. *See Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149, 164 and n.22 (W.D. Mo. 1977)(cases cited therein). Without guidance from the Sixth Circuit, this Court questions the propriety of considering the representative's financial situation in assessing his or her

---

[6]On March 12, 2007, TRW filed a motion to compel Plaintiffs' disclosure of information relevant to their ability to finance this matter as a class action lawsuit. As the Court questions the relevance of Plaintiffs' financial situation in assessing their ability to fairly and adequately represent the class but nevertheless concludes that Plaintiffs and their counsel provide sufficient information to demonstrate that Plaintiffs will be able to fund this litigation, *see infra*, the Court denies TRW's motion.

10

ability to fairly and adequately represent the class. In any event, Plaintiffs indicate that their counsel, who are experienced in class action litigation, estimate that the costs of prosecuting this action will be modest in comparison with the other class action litigation they have handled. *See* Pls.' Reply Br. at 7. Plaintiffs' attorneys also indicates their willingness, where necessary, to advance the costs of the litigation in order to ensure that it is properly pursued.

Finally TRW argues that the named Plaintiffs cannot adequately represent the proposed class because they need fewer hours than many class members to obtain the 360 benefit service hours necessary to obtain full pension and health insurance benefits. TRW contends that these Plaintiffs "would undoubtedly settle their claims for as little as the equivalent of .5 year[s] of benefit service, comprising the claims of those who would require more than 25 years of benefit service, . . ." *See* Def.'s Resp. Br. at 11. However as one district court stated in response to a similar argument:

> If anything, the fact that plaintiffs were so close to vesting would make them more zealous in pursuing the class interest because they have a personal stake . . . [and] the court is capable of policing any future settlement regarding relief that may compromise younger class members.

*McClendon v. Cont'l Group, Inc.*, 113 F.R.D. 39, 43 (D.N.J. 1986).

### Rule 23(b)

The second set of prerequisites for class certification is set forth in Rule 23(b). This subsection provides that an action only may be maintained as a class action if:

> (1) the prosecution of separate actions by or against individual

>    members of the class would create a risk of
>    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>    (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy . . .

FED. R. CIV. P. 23(b).  Plaintiffs contend that this matter can be certified under any of the subsections of Rule 23(b).  The Court finds it unnecessary to address each subsection, as certification need only be appropriate under one and the Court concludes that Plaintiffs satisfy the requirements of Rule 23(b)(3).

To demonstrate a prima facie case that TRW violated Section 510 of ERISA,[7] Plaintiffs must prove the following: (1) that TRW engaged in conduct prohibited under the statute (i.e. "discharge, fine, suspend, expel, discipline, or discriminate against a

---

[7]Where there is no direct evidence that the defendant acted with the intent to interfere with an employee's ERISA benefits, the courts apply the burden-shifting approach set forth in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981).  *Shahid v. Ford Motor Co.*, 76 F.3d 1404, 1410 (6th Cir. 1996)(citation omitted).

participant or beneficiary"), (2) for the purpose of interfering, (3) with Plaintiffs' attainment of any right to which they would have become entitled under the provisions of an employee benefit plan. *Shahid v. Ford Motor Co.*, 76 F.3d 1404, 1411 (6th Cir. 1996). For the named representatives and the putative class, the questions of fact and law relevant to each of these elements are identical. So to is the question of whether TRW's conduct in this case falls within the prohibitions of Section 510. The Court believes that these issues predominate over any concerns affecting only individual class members.

For this reason, the Court also concludes that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The threshold question of TRW's intent in closing the Van Dyke Plant is best resolved in the class context. Additionally, individuals whose recovery may be little due to their limited accumulated benefit service hours may have little incentive to pursue individual lawsuits to vindicate their rights.

## Conclusion

The Court concludes that the two sets of prerequisites for class certification set forth in Rule 23 are satisfied in this case. Plaintiffs show that the requirements of Rule 23(a) are met. They also demonstrate that certification pursuant to Rule 23(b)(3) is proper because "the questions of law [and] fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for class certification is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Megan A. Bonanni, Esq.
Jeanne E. Mirer, Esq.
Michael L. Pitt, Esq.
Robert W. Palmer, Esq.
Robert M. Vercruysse, Esq.
William E. Altman, Esq.