UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CRAWFORD, CHARLES ANNABEL
DARRYL BALLARD, MATTHEW BURDO,
DON HOSKINS, ROY LANNING, PETER
"LARRY" POWELL, WANDA SIMPSON,
and DANIEL SLANE,

       Plaintiffs,

v.                                                                                   Case No. 06-14276
                                                                                Honorable Patrick J. Duggan

TRW AUTOMOTIVE U.S. LLC,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS'
## MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 28, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this lawsuit after their former employer, Defendant TRW Automotive U.S. LLC ("TRW"), closed the manufacturing and assembly plant where they worked. TRW subsequently filed a motion for summary judgment, which this Court granted in an opinion and order entered on October 24, 2007. Presently before the Court is Plaintiffs' motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), filed November 7, 2007. With the Court's permission, TRW filed a response to the motion on November 29, 2007. For the reasons that follow, the Court denies the motion.

**Standard of Review**

Motions to alter or amend a judgment pursuant to Rule 59(e) may be granted only if there is "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A motion for reconsideration will be granted only if the moving party demonstrates "a palpable defect by which the court and the parties have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. E.D. Mich. LR 7.1(g).

**Analysis**

Plaintiffs contend that the Court committed several errors which, if corrected, mandate a different result with respect to TRW's motion for summary judgment. First, Plaintiffs are under the impression that the Court believed the Mancini Drive facility was an existing facility, with an existing workforce, when the decision was made to place the DaimlerChrysler module work there. The Court did not understand either to be true and never stated as much in its October 24, 2007 decision. In fact, the Court understood that the Mancini Drive facility did not exist and that employees were hired to work there only after DaimlerChrysler awarded the module work to TRW.

Second, Plaintiffs contend that the Court erred in finding that Section 510 of ERISA does not proscribe intentional refusals to recall an employee from layoff. Relying

on *Pickering v. USX*, 809 F. Supp. 1501 (D. Utah 1992), Plaintiffs argue that the statute applies to an employer's failure to recall workers from layoff in order to avoid the accrual of employee pension benefits. The Court in fact acknowledged in its October 24, 2007 opinion and order that "'ERISA § 510 affords protection from discrimination that interferes 'with the attainment of any right to which such participant may become entitled under [an ERISA] plan.'" (10/24/07 Op. and Order at 12, quoting *McGath v. Auto-Body North Shore, Inc.*, 7 F.3d 665, 670 (7th Cir. 1993).) This would include an employer's policy of using layoffs to avoid employees' accrual of ERISA benefits and a claim that "a motivating factor" in the employer's decision to avoid recalls was the interference with the obtainment of employee benefits. *Gavalik v. Continental Can Co.*, 812 F.2d 834 (3d Cir. 1987). This Court found, however, that "Plaintiffs present[ed] no evidence to suggest that TRW considered employees' eligibility for ERISA benefits when selecting who to recall [from layoff]." (*Id*. at 11.)

In their motion for reconsideration, Plaintiffs rely on the same emails to demonstrate that TRW refused to recall employees from layoff to interfere with their ERISA benefits that they provided in response to TRW's motion for summary judgment. A motion for reconsideration that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. E.D. Mich. LR 7.1(g).

For the same reason, the Court rejects Plaintiffs' third argument that the Court erred in analyzing their claim that the Mancini Drive facility was an alter ego of the Van Dyke Plant where they worked. Admittedly, the Court did not set forth in detail the basis

3

for its conclusion that Plaintiffs had not produced evidence to create a genuine issue of material fact with respect to their claim that the Mancini Drive facility was an alter ego operation. Rather, the Court believed that its reference to pages 4-6 of TRW's reply brief would be sufficient to alert Plaintiffs to the Court's reasons for rejecting the alter ego theory. The Court again refers to the facts set forth in TRW's reply (which facts Plaintiffs failed to present evidence to dispute) including, but not limited to the following:

1. The Van Dyke Plant and the Mancini Drive facility did not have substantially identical business purposes, operations, or equipment. The Van Dyke Plant manufactured ball joints, steering linkages, tie rods, and related components. The Mancini Drive facility acquires components from suppliers dictated by its customers and simply assembles them.

2. TRW did not continue the operations of the Van Dyke Plant at the Mancini Drive facility. The module work performed at Mancini Drive was never performed at the Van Dyke Plant, the work performed at the Van Dyke Plant was never transferred to the Mancini Drive facility, and the work performed at the Van Dyke Plant is not being performed at the Mancini Drive facility. Instead, the work performed at the Van Dyke Plant was transferred to a pre-existing TRW plant in Canada.

3. The salaried staff at the Van Dyke Plant was not transferred to the Mancini Drive facility. The Van Dyke Plant had a salaried staff of 37 employees. Of the approximately 20 salaried staff at the Mancini Drive facility, only five of these employees ever worked at the Van Dyke Plant.

4. TRW did not disguise its operations of the Mancini Drive facility.

Lastly, Plaintiffs argue that the Court erred in evaluating the evidence they presented to support their Section 510 claim. More specifically, Plaintiffs contend that

they needed to establish that interference with their attainment of ERISA benefits was only *a* factor in TRW's decision to close the Van Dyke Plant, not that it was a *motivating* factor. Plaintiffs argue that they presented "overwhelming evidence" that TRW decided to close the plant to interfere with their ERISA rights. Plaintiffs also contend that the Court erred in finding that they failed to demonstrate pretext.

As the Court stated in its October 24 opinion and order: ". . . to demonstrate a violation of Section 510, it is not sufficient for the plaintiff to show that the reduction of retiree costs was *a* factor in the employer's decision. The plaintiff must show that avoiding those costs was 'a *motivating* factor.'" (10/24/07 Op. and Order at 18, quoting *Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043 (6th Cir. 1992).) The Sixth Circuit alternatively stated in *Humphreys*: "[The] plaintiff must come forward with evidence from which a reasonable jury could find that [the] defendant's desire to avoid pension liability was a *determining* factor in [the] plaintiff's discharge." *Id*. at 1044 (citation omitted). The employer's conduct must be motivated by a "specific intent to interfere with the attainment of pension eligibility." *Gavalik*, 812 F.2d at 851-52. "No ERISA cause of action [under Section 510] lies where the loss of . . . benefits [i]s a consequence of, but not a motivating factor behind, a termination of employment." *Id*. (quoting *Titsch v. Reliance Group, Inc.*, 548 F. Supp. 983, 985 (S.D.N.Y. 1982), *aff'd*, 742 F.2d 1441 (2d Cir. 1983)). In this Court's opinion, Plaintiffs do not proffer sufficient evidence to create a genuine issue of fact that TRW's desire to avoid pension liability was a determining factor in their discharge.

Rather the evidence demonstrated that, due to a decrease in business, TRW faced

5

significant overcapacity within its North American Braking Suspension group by 2004. The Van Dyke Plant, in particular, had experienced shrinking sales and only ten percent of its production capacity was being utilized. For this reason, TRW decided to close several facilities within its North American Braking Suspension group.

While the cost of ERISA benefits was one factor that made it difficult for TRW to compete and that caused TRW to lose business, the evidence demonstrated that there were other factors, most notably higher wages at TRW's unionized North American facilities. Evidence that the cost of ERISA benefits at the Van Dyke Plant was a factor contributing to its loss of business does not demonstrate that TRW had the specific intent to interfere with those benefits when it decided to close the plant. As the Sixth Circuit has stated, "the mere fact that [the employer] sought to save money cannot show pretext." *Morabito v. Master Builders, Inc.*, No. 96-3898, 1997 WL 668955, at *3 (6th Cir. Oct. 27, 1997) (unpublished opinion) (citing *Humphreys*, 966 F.2d 1037). Similarly, the fact that TRW calculated curtailment costs to determine the costs of closing its various plants within its North American Braking Suspension group, and therefore which plants it would be more cost-effective to close, does not establish pretext. The Court also is not convinced that it erred in applying the business judgment rule in rejecting Plaintiffs' claim that TRW should have placed the DaimlerChrysler module work in the Van Dyke Plant.

**Conclusion**

For the above reasons, the Court concludes that it did not commit a palpable error in deciding TRW's motion for summary judgment.

6

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**.

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Megan A. Bonanni, Esq.
Jeanne E. Mirer, Esq.
Michael L. Pitt, Esq.
Robert W. Palmer, Esq.
Robert M. Vercruysse, Esq.
William E. Altman, Esq.