UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CRAWFORD, CHARLES ANNABEL
DARRYL BALLARD, MATTHEW BURDO,
DON HOSKINS, ROY LANNING, PETER
"LARRY" POWELL, WANDA SIMPSON,
and DANIEL SLANE,
             Plaintiffs,

v.                                                     Case No. 06-14276
                                                     Honorable Patrick J. Duggan

TRW AUTOMOTIVE U.S. LLC,
             Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S OBJECTION TO THE CLERK'S TAXATION OF COSTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 18, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this lawsuit after Defendant, their former employer, closed the manufacturing and assembly plant where they worked. Plaintiffs alleged that Defendant closed the plant to prevent employees from obtaining pension and retiree health care benefits, in violation of Section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140. On November 16, 2007, after granting a motion for summary judgment filed by Defendant, this Court entered a Judgment in favor of Defendant and against Plaintiffs. Plaintiffs thereafter filed a motion for reconsideration, which the Court denied on December 28, 2007. Forty-two (42) days later, on February 8, 2008, Defendant filed its

Bill of Costs with the Clerk of the Court, seeking $5,522.62 in costs. (Doc. 64.) On February 13, 2008, the Clerk of Court issued a Taxed Bill of Cost, indicating that the amounts Defendant requested are not allowed because the 2007 version of Eastern District of Michigan Local Rule 54.1 requires the filing of a Bill of Costs within 28 days of the entry of judgment or a post-judgment ruling. (Doc. 65, citing E.D. Mich. LR 54.1.) Contending that the revised rule is invalid because it was not properly published, Defendant filed the pending objection to the Clerk's denial of its taxation of costs.

Effective June 1, 2007, Local Rule 54.1 provides:

> A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site.

E.D. Mich. LR 54.1. The Comment to the rule states that "[a] post-judgment motion that extends the time to appeal also extends the time to file a bill of costs . . ." *Id*. The prior version of Local Rule 54.1 did not establish a deadline for the filing of a Bill of Costs.[1] (Def.'s Mot., Ex. 2.) Defendant contends that the proposed amendment to Local Rule 54.1 and the amendment were not properly published and that therefore the prior version of the rule should be applied in evaluating its Bill of Costs.

Eastern District of Michigan Local Rule 83.1 establishes the publication

---

[1] In comparison, the current and prior version of Local Rule 54 and Federal Rule of Civil Procedure 54(d) provide that a motion for attorney's fees must be filed within 14 days after entry of judgment. *See* FED. R. CIV. P. 54(d).

requirements for a proposed amendment and an amendment to the rules:

> When the court proposes an amendment to or amends these rules, it *must* publish notice of the proposal or amendment in legal newspapers in the district *and* the Michigan Bar Journal.

E.D. Mich. LR 83.1(a) (emphasis added). Despite the requirements of this rule, the Court Administrator's Office for the Eastern District of Michigan informed defense counsel that the only record of publishing the 2007 amendment of Local Rule 54.1 was a March 1, 2007 letter to newspapers within the district setting a comment period ending March 30, 2007. (Def.'s Mot. ¶ 9.) The Court Administrator's Office further informed defense counsel that during some unspecified period in the recent past, the court stopped publishing proposed amendments to the Local Rules in the Michigan Bar Journal because the State Bar of Michigan sought payment for publishing notices.[2] (*Id.* ¶ 10.) Thus Defendant asserts that the proposed amendment to Rule 54.1 was never published in the Michigan Bar Journal and the amendment was never published in the Michigan Bar Journal or legal newspapers in the district, as required by Local Rule 83.1.[3] (*Id.* ¶ 9.)

---

[2]Although the Comment to Local Rule 83.1 provides that the Rules may be amended by a majority vote of the judges of the court, no amendment was made to reflect this decision to cease publishing proposed amendments and amendments in the Michigan Bar Journal.

[3]Defendant asserts that its counsel relied on the version of the rule contained in Thompson West, Michigan Rules of Court, Federal 2007, and its supplement, which contain amendments received only through May 1, 2007. The amendment appears in the 2008 edition, however, that edition only was published in February 2008. While Defendant acknowledges that the Court Administrator's Office prepared a memorandum entitled "Notice of Amendments to Local Rules," Defendant indicates that the memorandum is not dated and does not specify to whom it was distributed. (Def.'s Mot.

Local Rule 1.2 provides judges with the authority to temporarily suspend the operation of the rules, for a particular matter, "[f]or good cause shown."[4] The undersigned finds that the Court's failure to comply with Rule 83.1 when the amendment to Rule 54.1 was proposed and when the rule was amended constitutes "good cause" for Defendant's failure to comply with the 28-day deadline in the revised rule. Thus the Court suspends the operation of the rule with respect to this matter and directs the Clerk of Court to review Defendant's Bill of Costs as if it was timely filed.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Megan A. Bonanni, Esq.
Jeanne E. Mirer, Esq.
Michael L. Pitt, Esq.
Robert W. Palmer, Esq.
Robert M. Vercruysse, Esq.
William E. Altman, Esq.

---

at 3 n.2.)

[4]Local Rule 1.2 states: "For good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the Rules." E.D. Mich. LR 1.2.