UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CRAWFORD, CHARLES ANNABEL
DARRYL BALLARD, MATTHEW BURDO,
DON HOSKINS, ROY LANNING, PETER
"LARRY" POWELL, WANDA SIMPSON,
and DANIEL SLANE,

       Plaintiffs,

v.                                            Case No. 06-14276
                                             Honorable Patrick J. Duggan

TRW AUTOMOTIVE U.S. LLC,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR RELIEF FROM JUDGMENT BASED ON NEWLY
DISCOVERED EVIDENCE PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 60(b)(2)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 30, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this lawsuit after their former employer, Defendant TRW Automotive U.S. LLC ("TRW"), closed the manufacturing and assembly plant where they worked. TRW subsequently filed a motion for summary judgment, which this Court granted in an opinion and order entered on October 24, 2007. The Court entered a judgment in favor of TRW and against Plaintiffs on the same date. An amended judgment was entered on November 16, 2007. Plaintiffs thereafter filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which this Court

denied on December 28, 2007. On January 24, 2008, Plaintiffs filed a notice of appeal. Presently before the Court is Plaintiffs' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), filed March 5, 2008. The motion has been fully briefed. For the reasons that follow, the Court denies the motion.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 60(b)(2), a court may relieve a party from a final judgment or order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). "[T]o prevail on a Rule 60(b)(2) motion, a movant must demonstrate: (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). The movant also must demonstrate that the newly discovered evidence is admissible. *Rhoden v. Campbell*, No. 98-6298, at *3 (6th Cir. Dec. 10, 1999) (unpublished op.); *see also Wilson v. Upjohn Co.*, 808 F. Supp. 1321, 1323 (S.D. Ohio 1992).

**Argument**

Plaintiffs rely on the affidavit of Plaintiff Matthew Burdo to support their Rule 60(b) motion. In his affidavit, Mr. Burdo indicates that on February 21, 2008, he was in the area of the Mancini Drive facility and decided to drive past the plant. (Pls.' Mot. Ex. 1 ¶¶ 4-5.) Mr. Burdo further states that he had visited the facility right after it was opened and it now looked bigger. (*Id.* ¶ 6.) Mr. Burdo drove into the parking lot of the Mancini

Drive facility and pulled up to a car where a man was eating a sandwich. (*Id.* ¶ 5.) According to Mr. Burdo, the man– identified only as "Dave"– said that "they" just built an addition on to the original plan and have a Ford F-150 job running. (*Id.* ¶ 9.) Mr. Burdo provides that the man also told him that "they" are getting "the Ford Mustang job" in the Spring and are putting an addition on across the street. (*Id.* ¶¶ 10-11.) Mr. Burdo states that he then witnessed what appeared to be the first stages of construction of a facility across the street from the Mancini Drive facility. He further attests that "because we had Ford F150 and Mustang jobs at the [Van Dyke] plant . . . it appeared they were bringing our work back but putting it in the Mancini Drive plant . . ." (*Id.* ¶ 12.)

In support of their motion, Plaintiffs also submit a permit for "Sterling Properties MI, LLC" ("Sterling Properties") to expand the Mancini Drive facility by 15,000 square feet, dated September 6, 2007, which Plaintiffs obtained after Mr. Burdo visited the facility. (Pls.' Mot. Ex. 2.) In a supplemental reply brief, Plaintiffs also present evidence which they obtained via a recent FOIA request that reveals a relationship between the owner of the Mancini Drive facility and the property being developed across the street. (Pls.' Supp. Reply Br. at 2, Exs. 1-3.)

In their motion, Plaintiffs argue that this "newly discovered evidence" shows that TRW:

> (i) has significantly expanded the Mancini Drive plant to accommodate work on the Ford F-150; (ii) has begun construction on an additional facility to the Mancini Drive facility to accommodate another job on the Ford Mustang; (iii) that the work in and slated to be placed in the expansions of the Mancini Drive plant, upon information and belief, includes work on <u>ball joints</u> which had previously been

3

performed by plaintiffs at the Van Dyke plant.

(Pls.' Mot. at 3.) Plaintiffs maintain that this evidence is material and controlling because it would have impacted the Court's analysis regarding whether TRW's stated reasons for placing module work at the Mancini Drive facility instead of the Van Dyke plant where they worked was pretextual. Plaintiffs also maintain that this evidence is material and controlling with respect to the Court's analysis of whether TRW opened the Mancini Drive facility as an alter ego of the Van Dyke plant. In summary, Plaintiffs contend that this newly discovered evidence shows that, while the parties were briefing TRW's summary judgment motion, TRW "was in the process of expending significant resources to expand the Mancini Drive facility to accommodate new work, and, on information and belief, this new work is the very type of manufacturing work that plaintiffs had been performing at the Van Dyke plant." (Pls.' Br. in Supp. of Mot. at 1.)

As to whether they exercised due diligence in obtaining the above information, Plaintiffs first make the following assertion:

> Because of defendant's posture in the court that the Mancini Drive plant was built only to accommodate the five year module contract from Chrysler, plaintiffs and their attorneys were directed away from seeking evidence of defendant's intention to significantly expand the Mancini Drive facility and put new work of a non-module nature into [the] plant.

(*Id*. at 3.) Plaintiffs further maintain that they could not have discovered this information earlier because the internal operations of the facility are not readily observable from outside the facility and because the facility is not located off of a main street and is not visible from any main thoroughfare within the area. (*Id*. at 4.)

4

In response to Plaintiffs' motion, TRW argues that, except for evidence that the Mancini Drive facility was expanded a modest amount, Plaintiffs' alleged "newly discovered evidence" is inadmissible hearsay. Additionally, TRW argues that Plaintiffs have no evidence regarding the cause of the expansion or what type of work is being performed in the Mancini Drive facility; rather, Plaintiffs only speculate that the work performed or that will be performed is the same manufacturing work that they previously performed at the Van Dyke plant. Lastly, TRW argues that, even if the Court were to consider Plaintiffs' evidence, the evidence does not produce a different result in this case.

**Analysis**

The Court concludes that Plaintiffs have not satisfied their burden under Rule 60(b)(2). First, the Court finds that Plaintiffs fail to demonstrate that they exercised due diligence in obtaining the "new" evidence. Plaintiffs do not identify any obstacle to their ability to view the Mancini Drive facility or discover information about its internal operations prior to February 21, 2008. While Plaintiffs state that the facility is not located on a main street and is not visible from a main thoroughfare, there is no indication that the road on which it is located is private and/or closed to traffic. Plaintiffs further state that the facility's internal operations are not readily observable by anyone other than TRW's management and employees. The Court believes, however, that there were means by which Plaintiffs previously could have discovered what work was being performed at the Mancini Drive facility. For example, Plaintiffs could have obtained information from employees working at the Mancini Drive facility as to the specific work being performed at the plant and provided the Court with affidavits from those employees (if in fact the

information supported Plaintiffs' belief).  In any event, even if the Court were to find that Plaintiffs acted diligently, it finds that most of their "new" information is not admissible evidence and that the evidence that is admissible is not material and controlling and would not have produced a different result if presented before the original judgment.

The Court finds only the following "new" information to be admissible evidence: (1) Mr. Burdo's observations that the Mancini Drive facility appeared bigger than when it opened; (2) his observations of what appeared to be the first stages of construction of a facility across the street from the Mancini Drive facility; (3) that Sterling Properties applied for and was issued a 15,000 expansion permit for the Mancini Drive facility in 2007; and (4) that related entities or the same entity own the Mancini Drive facility and the facility being constructed across the street. The Court cannot conclude that this evidence "clearly would have produced a different result if presented before the original judgment."  It does not demonstrate that the work Plaintiffs performed at the Van Dyke plant has been or is going to be moved to the Mancini Drive facility or the facility being built across the street.  It also does not demonstrate that TRW had or subsequently obtained additional work that could have been placed at the Van Dyke plant to make sufficient use of the plant's 300,000 plus square feet.[1]  Finally, this evidence has no

---

[1] With a 15,000 square foot expansion, the Mancini Drive facility now appears to be 85,000 square feet. (*See* Pls.' Mot. Ex. 2; 10/24/07 Op. and Order at 5 (finding that the facility originally was 70,000 square feet).)  Plaintiffs present no evidence with regard to the square footage of the facility being constructed across the street from the Mancini Drive facility.  When TRW decided to close the Van Dyke plant, only 30,000 square feet of the plant's over 300,000 square feet of production capacity was being utilized. (*Id*. at 14-15.)  Thus– assuming that all 85,000 square feet of the expanded Mancini Drive facility is being utilized– at most Plaintiffs show that a little over a quarter of the Van Dyke plant (115,000 of its over 300,000 square feet) would have been utilized if the work

6

impact on the Court's finding that the Mancini Drive facility was not an alter ego operation of the Van Dyke plant.

The Court disagrees with Plaintiffs that "Dave's" statements to Mr. Burdo on February 21, 2008 constitute admissions of a party-opponent that are admissible under Federal Rule of Evidence 801(d)(2). Pursuant to Rule 801(d)(2), an employee's statements do not constitute hearsay and are admissible only if the statements concern a matter within the scope of the individual's employment. FED. R. EVID. 801(d)(2)(D) (providing that a statement is not hearsay if it is "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship"); *see also Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 928 (6th Cir. 1999) (recognizing "a critical difference between making a statement while one is an employee and having the actual or implied authority to make such a statement on behalf of your employer.") According to Mr. Burdo's affidavit, when Dave allegedly made the statements, he was eating a sandwich while sitting in a car in the Mancini Drive facility's parking lot. Moreover, Plaintiffs only assume that Dave is a TRW employee. Nothing in Mr. Burdo's affidavit indicates that such information was conveyed to him.

For the above reasons, the Court holds that Plaintiffs fail to satisfy their burden under Rule 60(b)(2).

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Relief from Judgment Based on

---

placed in the Mancini Drive facility instead had been located there.

7

Newly Discovered Evidence Pursuant to Federal Rule of Civil Procedure 60(b)(2) is

**DENIED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Megan A. Bonanni, Esq.
Jeanne E. Mirer, Esq.
Michael L. Pitt, Esq.
Robert W. Palmer, Esq.
Robert M. Vercruysse, Esq.
William E. Altman, Esq.