UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CRAWFORD, CHARLES ANNABEL
DARRYL BALLARD, MATTHEW BURDO,
DON HOSKINS, ROY LANNING, PETER
"LARRY" POWELL, WANDA SIMPSON,
and DANIEL SLANE,

        Plaintiffs,

v.                                                                         Case No. 06-14276
                                                                       Honorable Patrick J. Duggan

TRW AUTOMOTIVE U.S. LLC,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 10, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Presently before the Court is Plaintiffs' motion for reconsideration of this Court's April 30, 2008 opinion and order denying Plaintiffs' Rule 60(b)(2) motion. For the reasons that follow, the Court denies the motion.

Plaintiffs initiated this lawsuit after their former employer, Defendant TRW Automotive U.S. LLC ("TRW"), closed the manufacturing and assembly plant where they worked. TRW subsequently filed a motion for summary judgment, which this Court granted in an opinion and order entered on October 24, 2007. The Court entered a judgment in favor of TRW and against Plaintiffs on the same date. An amended

judgment was entered on November 16, 2007. Plaintiffs thereafter filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which this Court denied on December 28, 2007. On January 24, 2008, Plaintiffs filed a notice of appeal. On March 5, 2008, Plaintiffs filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), which this Court denied on April 30, 2008. Plaintiffs filed the pending motion for reconsideration on May 14, 2008.[1]

## Standard of Review

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

## Argument and Analysis

Plaintiffs contend that the Court committed several errors in denying their motion for relief from judgment. First, Plaintiffs maintain that the Court failed to consider all the newly discovered evidence presented in their pleadings in support of their Rule 60(b)(2) motion. Second, Plaintiffs argue that the Court erred in concluding that they could have obtained affidavits from current Mancini Drive workers previously and therefore did not exercise due diligence in obtaining the information contained in Plaintiff Matthew

---

[1] On May 30, 2008, Plaintiffs filed a notice of appeal with respect to the Court's April 30, 2008 decision. (Doc. 83.)

2

Burdo's affidavit. Lastly, Plaintiffs argue that the Court "fundamentally misapprehends the claims made by Plaintiffs regarding the Mancini Drive Plant and the import of the newly discovered evidence."

**Whether the Court ignored evidence presented in Plaintiffs' Rule 60(b)(2) motion**

Plaintiffs argue that the Court ignored evidence submitted in support of their Rule 60(b)(2) motion. Plaintiffs first point to their exhibits showing that work performed at the Mt. Vernon, Ohio facility– which TRW claimed in their response brief was being moved to the newly expanded Mancini Drive facility– was not module work, as TRW claimed. Plaintiffs argue that, even if it was module work, non-module (i.e. manufacturing) work also was being performed at the Mt. Vernon facility and therefore this evidence undermines TRW's assertion that it could not put module work at the Van Dyke Plant where Plaintiffs previously were employed in order to increase the amount of the facility being utilized. Second, Plaintiffs assert that the Court ignored evidence which they claim undermines the credibility of TRW's assertion that it was neither building nor having anyone else build the facility across from the existing Mancini Drive facility.

Although the Court did not specifically discuss all of the "new" evidence presented in Plaintiffs' pleadings in support of their Rule 60(b)(2) motion, the Court did not ignore the evidence in deciding the motion. The Court simply found that the evidence did not impact its ruling. With respect to Plaintiffs' evidence regarding the work moved from the Mt. Vernon facility to the Mancini Drive facility, the Mt. Vernon facility is a Kelsey-Hayes facility, not a TRW facility. Additionally, there is no indication of when it was decided that this work would be moved to the Mancini Drive facility. Therefore the

3

Court cannot conclude that, when the decision was made to close the Van Dyke Plant, placement of this work at the plant should have been considered as a means of utilizing more of its floor space. Moreover, the fact that the Mt. Vernon facility may have accommodated module and non-module work does not undermine TRW's judgment that the infrastructure of the Van Dyke Plant (i.e. an insufficient number of shipping docks and roads providing ingress and egress) did not support placement of the DaimlerChrysler module work there.

As to Plaintiffs' evidence that the facility being built across the road from the Mancini Drive facility was being built for or by TRW, the Court assumed this to be true but nevertheless could not conclude that this evidence "clearly would have produced a different result if presented before the original judgment." Such evidence does not demonstrate that TRW obtained additional work that was suitable for placement at the Van Dyke Plant to make sufficient use of its space. It in no way suggests that TRW moved or plans to move the work that Plaintiffs' performed to the Mancini Drive facility or the facility being built across the street or that either facility was a "disguised continuance" of the Van Dyke Plant. The manufacturing work Plaintiffs previously performed at the Van Dyke Plant was moved to an existing manufacturing plant within the suspension group which is located in Canada.

**Whether the Court erred in concluding that Plaintiffs failed to exercise due diligence**

In its April 30, 2008 opinion and order, the Court stated the following in discussing whether Plaintiffs exercised due diligence in obtaining the "new" evidence submitted in support of their Rule 60(b)(2) motion:

4

> . . . Plaintiffs could have obtained information from employees working at the Mancini Drive facility as to the specific work being performed at the plant and provided the Court with affidavits from those employees (if in fact the information supported Plaintiffs' belief).

(Doc. 79 at 5-6.) Plaintiffs assert that this conclusion was in error because it "does not address the fact that the names of the people in the current workforce at Mancini Drive are unknown to plaintiffs; there is no reason why such employees would cooperate with plaintiffs who are in fact seeking their jobs, . . ." (Br. in Supp. Mot. at 2.) Plaintiffs assert that "[i]t is impossible for the Court to credibly believe that such employees would have cooperated with plaintiffs." (*Id.*)

As an initial matter, the Court is left to wonder why Plaintiffs believe that they could not have obtained access to and cooperation from Mancini Drive employees to inquire about the type of work performed at their facility. Mr. Burdo's affidavit, which was attached to Plaintiffs' Rule 60(b)(2) motion, demonstrates that nothing prevented Plaintiffs from entering the Mancini Drive parking lot and talking to workers as they entered or exited the facility. Moreover, it does not appear from Mr. Burdo's affidavit that he had any trouble getting one Mancini Drive employee to speak with him and Plaintiffs cannot claim that the Mancini Drive employees would be unwilling to sign an affidavit, as it does not appear that they even tried to obtain such an affidavit. In any event, the Court's statement was made only to provide one example of the means by which it believed Plaintiffs previously could have discovered what work was being performed at the Mancini Drive facility and what the future plans were for the facility. Clearly there were other means by which Plaintiffs could have obtained this information

5

(e.g. submitting an interrogatory to TRW).  Thus the Court does not find any error in its conclusion that Plaintiffs failed to exercise due diligence in obtaining the "new" evidence presented in support of their Rule 60(b)(2) motion.

**Whether the Court "fundamentally misapprehend[ed]" Plaintiffs' claims regarding the Mancini Drive Plant being an alter ego plant and the import of the newly discovered evidence**

Plaintiffs lastly maintain that the Court misunderstood their claims regarding the Mancini Drive facility being an alter ego operation of the Van Dyke Plant and the relevance of the "new" evidence with respect to that issue.  The Court believes that it understood Plaintiffs alter ego argument when it previously addressed that argument.  Plaintiffs' pending motion simply makes the same arguments with respect to that issue that the Court already considered in deciding TRW's motion for summary judgment, Plaintiffs' November 7, 2007 motion for reconsideration, and Plaintiffs' Rule 60(b)(2) motion.  For the reasons set forth in the Court's prior opinions and orders, it continues to reject Plaintiffs' alter ego theory.

**Conclusion**

For the reasons set forth above, the Court concludes that it did not commit a palpable error in deciding Plaintiffs' Rule 60(b)(2) motion, the correction of which would result in a different disposition of this matter.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

Megan A. Bonanni, Esq.
Jeanne E. Mirer, Esq.
Michael L. Pitt, Esq.
Robert W. Palmer, Esq.
Robert M. Vercruysse, Esq.
William E. Altman, Esq.